IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFREY CREE,

         Plaintiff,     No. CV-04-893-HU

    v.

CO A. JOHNSON,           FINDINGS & RECOMMENDATION

         Defendant.

Jeffrey Cree
SID # 5695034
Oregon State Penitentiary
2605 State Street
Salem, Oregon 97310-0505

    Plaintiff Pro Se

Hardy Myers
ATTORNEY GENERAL
Leonard W. Williamson
SENIOR ASSISTANT ATTORNEY GENERAL
Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096

    Attorney for Defendant

HUBEL, Magistrate Judge:

    Plaintiff Jeffrey Cree, an inmate at Oregon State Penitentiary (OSP), brings this action against defendant Correctional Officer

1 - FINDINGS & RECOMMENDATION

Aaron Johnson, alleging religious discrimination in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Defendant moves to dismiss for failure to exhaust administrative remedies, or alternatively for summary judgment. I recommend that the motion to dismiss be granted. I do not consider the alternative summary judgment motion.

BACKGROUND

Plaintiff is a Native American and member of the Lakota Oyate Ki Culture Club at OSP. In his Complaint, he alleges that during a search of his cell on August 28, 2003, Johnson seized, disturbed, or desecrated various items of religious significance, including a medicine bag and eagle feathers, and that the search was intended to harass plaintiff for his religious beliefs and to keep plaintiff from attending a Native American pow-wow. Compl. at ¶¶ 27, 39, 40.

As a result of other contraband items discovered during the search, Johnson issued a misconduct report to plaintiff. Id. at ¶ 42. After a hearing on the misconduct report, plaintiff was issued seven days in disciplinary segregation, which was suspended, and fourteen days loss of privileges, causing him to miss the pow-wow. Id. at ¶¶ 43-45.

Plaintiff also alleges that Johnson later confiscated eagle feathers and other items in retaliation for plaintiff's earlier conflict with him. Id. at ¶¶ 47-48. This alleged confiscation apparently occurred during another search of plaintiff's cell, which produced a second misconduct report. Id. at ¶¶ 49. Plaintiff received a seven-day disciplinary segregation sanction and another fourteen days of lost privileges as a result. Id. at

2 - FINDINGS & RECOMMENDATION

¶¶ 49-50.

On or about September 13, 2003, plaintiff filed an internal discrimination complaint against Johnson, alleging that his actions violated Oregon Department of Corrections (ODOC) policy by searching plaintiff's medicine bag and handling the eagle feathers. Id. at ¶ 54. He further alleged that defendant disrespected Native American religious beliefs because of a prejudice defendant allegedly possesses against Native American culture. Id. Plaintiff requested that Johnson be reassigned to an area where he would not interact with inmates. Exh. 2 to Affid. of Michael Dodson.

On or about September 19, 2003, OSP Superintendent Brian Belleque sent plaintiff a response to the discrimination complaint in which Belleque explained that following the investigation of plaintiff's claim, Belleque concluded that plaintiff's medicine bag was handled inappropriately when Johnson, outside of plaintiff's presence, dumped out the contents of the bag, inspected it, and replaced the contents into the bag. Compl. at ¶ 55. Belleque acknowledged that a training issue existed regarding the proper procedure in which to handle Native American medicine bags and eagle feathers. Id. He did not reassign Johnson. Id.

Apparently unsatisfied with Belleque's response, plaintiff filed this lawsuit.

STANDARDS

A motion to dismiss for failure to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), is to be treated as an "unenumerated Rule 12(b) motion rather than a motion for summary judgment." Wyatt v. Terhune, 315

3 - FINDINGS & RECOMMENDATION

F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003). "In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20.

## DISCUSSION

Section 1997e(a) provides that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"[T]he PLRA's exhaustion requirement applies to all suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The statute requires that an inmate exhaust administrative remedies before the filing of a complaint. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). Exhausting available remedies during the course of litigation does not comply with the statute. Id. Additionally, exhaustion is required regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001).

By its own language, section 1997e(a) makes clear that it applies to both of plaintiff's claims as it states that it governs claims brought under section 1983 as well as any other federal law. This is reinforced by the RLUIPA itself which expressly provides that "[n]othing in [the RLUIPA] shall be construed to amend or repeal the Prison Litigation Reform Act[.]" 42 U.S.C. § 2000cc-2(e). Given the Supreme Court's interpretation of the statutory

4 - FINDINGS & RECOMMENDATION

phrase "prison conditions" to include all "all suits about prison life," there is no question that the exhaustion requirement applies equally to the section 1983 and RLUIPA claims plaintiff raises.

The undisputed facts in the record show that plaintiff initiated an administrative complaint regarding the alleged religious discrimination against him by Johnson in early September 2003. Exh. 2 to Dodson Affid. The record also shows that plaintiff received Belleque's response to that complaint on or about September 19, 2003. Exh. 3 to Dodson Affid.

Belleque's response informs plaintiff that he was entitled to further review of his discrimination complaint by the Inmate Discrimination Appeals Committee (IDAC) by communicating a request for such review to Michael Dodson, an ODOC Investigator at OSP. Id. Plaintiff was also informed that should he have any new information regarding the complaint, he should also provide that to Dodson. Id. Belleque indicated that after initiating the review request with Dodson, Dodson would forward the original discrimination complaint, the response, and any new information, to the IDAC, which would then issue a response within ninety days. Id. Plaintiff does not dispute that he received Belleque's response to his discrimination complaint containing this information.

Under relevant ODOC rules for discrimination complaints by inmates, plaintiff was entitled to a review of the initial decision on his complaint, by a person or other entity, not under the supervision or control of the functional unit to which the inmate is assigned. Or. Admin. R (OAR) 291-006-0015(2)(c). The review of the initial decision is to be processed within ninety days and the

5 - FINDINGS & RECOMMENDATION

results provided to the complainant in writing. Id.

Dodson states that plaintiff never appealed Belleque's decision regarding plaintiff's discrimination complaint to the IDAC. Dodson Affid. at ¶ 9. Plaintiff offers no contrary evidence. By failing to appeal the decision, plaintiff failed to exhaust his administrative remedies and thus, did not comply with the PLRA's exhaustion requirement.

Additionally, although discrimination complaints are handled through the specific rules applicable to that type of complaint, OAR 291-006-0005 through OAR 291-006-0025, the more general ODOC Inmate Grievance Review System also afforded plaintiff another avenue for appeal of Belleque's decision. Id. at ¶ 10. According to Dodson, plaintiff failed to take an available appeal review from Belleque's decision under the grievance system. Id. Again, plaintiff offers no contrary evidence. By failing to appeal through this route, plaintiff failed to comply with the PLRA's exhaustion requirement.

When "the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." Wyatt, 315 F.3d at 1120.

CONCLUSION

I recommend that defendant's motion to dismiss (#17) be granted, that the Complaint be dismissed without prejudice, and a judgment in defendant's favor be entered.

SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due October 5, 2005. If no objections are filed, review of the

6 - FINDINGS & RECOMMENDATION

Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due October 19, 2005, and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this <u>20th</u> day of <u>September</u>, 2005.

<u>/s/ Dennis James Hubel</u>
Dennis James Hubel
United States Magistrate Judge